IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 23, 2007 Session

**PAMELA LANE v. AMERICAN GENERAL LIFE
AND ACCIDENT INSURANCE COMPANY**

**Appeal from the Chancery Court for Knox County
No. 163924-3      Michael W. Moyers, Chancellor**

**No. E2006-02530-COA-R3-CV  - FILED NOVEMBER 14, 2007**

CHARLES D. SUSANO, JR., J., concurring.

       I concur completely in the result reached by the majority.  In my opinion, the failure of Mr. Lane to correctly respond to the question pertaining to doctors seen and hospitals visited in the past five years and the question regarding medical tests administered in the same time frame, and the resulting increase in the risk under evaluation by American General, operate as a complete bar to the suit by Wife.  Given the very recent nature of these doctor visits, the trip to the hospital, and the tests taken, the information pertaining to these matters had to have been within the consciousness of Mr. Lane when he responded to the subject questions.  A trier of fact could not have reasonably found otherwise.  Hence, in my judgment, there is no genuine issue of material fact on this critical point. Because of this, I do not think it is necessary to address the interplay between (1) the "knowledge and belief" language on the application and (2) the "unless the matter represented increases the risk of loss" language in Tenn. Code Ann. § 56-7-103.  I disassociate myself from this analysis.

       _____
       CHARLES D. SUSANO, JR., JUDGE